# IN THE COURT OF APPEALS OF IOWA

No. 22-0969
Filed August 30, 2023

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ERICK ALVENO,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Woodbury County, Roger L. Sailer,

Judge.


      Erick Alveno appeals his convictions for burglary in the second degree,

assault with intent to commit sexual abuse, and indecent contact with a child,

challenging the sufficiency of the evidence and alleging prosecutorial misconduct.

**AFFIRMED.**


      Travis M. Visser-Armbrust of TVA Law PLLC, Sheldon, for appellant.

      Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee.


      Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

Erick Alveno appeals his convictions for burglary in the second degree, in violation of Iowa Code sections 713.1 and .5 (2020); assault with intent to commit sexual abuse, in violation of section 709.11; and indecent contact with a child, in violation of section 709.12. He challenges the sufficiency of the evidence and alleges prosecutorial misconduct. Because substantial evidence supports the district court's findings and Alveno did not preserve his prosecutorial misconduct claim, we affirm.

**I. Background Facts & Proceedings.**

The following evidence was presented at the bench trial in February 2022. In the early morning hours of June 6, 2020, N.R.[1] woke up to find someone kneeling next to her bed. An unknown man was touching her around her shoulders, chest, and thigh area over her blanket and was trying to kiss her on her lips and cheek. N.R. asked him who he was and how he knew her, while she tried to keep her blanket in place between them. The man told N.R. he liked her and had seen her at school. She told him "No," pushed him away, and said her mom was a light sleeper. Her window had been opened, and some of her things had been moved since she went to bed. The man got up, told her "Don't tell your mom. Keep it a secret." He left out the window. N.R. described the man as having "dark hair, dark jacket, khaki pants" and testified she believed he was Hispanic because he spoke English but with an accent.

---

[1] N.R. was thirteen years old at the time.

N.R. woke up her mother, saying a man was in her room. N.R. was very upset and said the man had gone out her window. When the mother went to the child's room, the window blinds, which had been closed earlier in the night, were open. The mother "could smell that someone had been in her room. It smelled like body odor and alcohol." The mother called the police.

The police found and presented photographic evidence showing multiple hand prints on the outside of N.R.'s bedroom window and the mother's bedroom window. The officer who dusted the prints testified the shape of the prints "show[ed] movement, meaning that the hand moved as it touched the window . . . there was vertical movement." The officer further testified prints of somebody looking in would differ from someone opening the window—just looking in would more commonly leave a side of the palm or a single touch.

Window wells underneath each window were broken from somebody standing on them. A beer can was found on the ground on the same side of the house as the hand-printed windows.

In August 2021, the police biometric database matched the handprints found on the windows to Alveno. After the computer match, two fingerprint experts verified the comparison. A detective spoke with Alveno, who said he did not know anyone in the area and would have no reason to be in the neighborhood. Alveno provided no explanation why his handprints would be found on the windows. During the interview, Alveno said when he drinks beer, he drinks the same brand as the can found outside the house.

The court found Alveno guilty of all three offenses. Alveno appeals, challenging the sufficiency of the evidence. He also asserts the prosecutor committed misconduct requiring a new trial.[2]

**II. Standard of Review.**

Sufficiency-of-the-evidence claims are reviewed for correction of errors at law. *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). The court's verdict is binding if supported by substantial evidence. *See id.* "[W]e view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (citation omitted).

"We review rulings on claims of prosecutorial misconduct for abuse of discretion." *State v. Leedom*, 938 N.W.2d 177, 185 (Iowa 2020).

**III. Analysis.**

*Sufficiency of the evidence.* In challenging the sufficiency of the evidence, Alveno asserts there was no evidence establishing anyone entered N.R.'s room and the evidence from the outside of N.R.'s window is not enough to place him inside the room. He challenges the child's credibility and the court's reliance on the minutes of testimony as well as the evidence presented at trial. *See State v. Iowa Dist. Ct.*, 888 N.W.2d 655, 666 (Iowa 2016) ("[M]inutes of testimony 'are not evidence' at trial." (citation omitted)).

---

[2] Alveno's post-trial motion for new trial ostensibly challenged the weight of the evidence; he did not assert a prosecutorial-misconduct claim.

"We ordinarily defer to the district court's credibility findings, though they do not bind us." *State v. Boone*, 989 N.W.2d 645, 651 (Iowa 2023). "The reason for this deference is that district courts have the unique opportunity to observe witnesses firsthand." *Id.* at 651–52.

N.R. identified Alveno as the person who entered her room and assaulted her. Alveno's counsel attempted to cast doubt on N.R.'s identification of Alveno due to the darkness of the room and asked if she knew him "because the police officers told you that his fingerprints matched the prints on your window." But N.R. testified her eyes adjusted to the darkness of the room and Alveno was close to her face, and she based her in-court identification on seeing Alveno's face on June 6.

The district court expressly found both the mother's and the child's testimony consistent and credible. When evaluating the evidence related to the alleged assault, the court stated,

> The court observed N.R. closely during her testimony and found her statements . . . to be highly credible. Besides exhibiting body language, tone of voice and demeanor that revealed no hint of deception, N.R.'s testimony on these facts was consistent, frank, and detailed, and it withstood cross examination. . . . [T]he court finds N.R.'s testimony to be entirely credible and finds beyond a reasonable doubt that these events occurred.

In addition to N.R.'s testimony, the court also had the physical evidence of Alveno's handprints on the outside of the bedroom windows, smudges indicating a person had climbed through the window in N.R.'s room, and an empty beer can consistent with his beer of choice below the window. In the police interview

submitted as evidence, Alveno does not suggest any alternative explanation why the beer can was there or why his handprints were on N.R.'s window.

Considering all the evidence in the light most favorable to the State, substantial evidence supports the convictions.

*Weight of the evidence.* Alveno briefly challenges the weight of the evidence and the district court's denial of his motion for new trial. "A district court may grant a new trial when it concludes, after weighing the evidence presented and considering the credibility of the witnesses, the jury verdict is contrary to law or evidence, which we have held to mean 'contrary to the weight of the evidence.'" *State v. Heard*, 934 N.W.2d 433, 444 (Iowa 2019) (citation omitted). "The 'weight of the evidence' is a determination that a greater amount of credible evidence supports one side over the other." *Id.* Our review is limited to the exercise of discretion by the trial court, not a review of the verdict itself. *Id.* at 444–45. Alveno makes no argument the court abused its discretion in denying his motion for new trial beyond mentioning the weight-of-the-evidence standard, instead arguing only about the sufficiency of the evidence to support the verdict. With no argument to consider, we deem the issue waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

*Prosecutorial misconduct.* During trial, Alveno made no objection to any of the prosecutor's conduct challenged on appeal. A defendant "cannot obtain a new trial based on prosecutorial misconduct when he failed to move for a mistrial at the time." *State v. Krogmann*, 804 N.W.2d 518, 526 (Iowa 2011). Only those statements objected to at trial are preserved on appeal; any other claims related to prosecutorial conduct "can only be examined under our analysis for ineffective

assistance of counsel." *State v. Coleman*, 907 N.W.2d 124, 138 (Iowa 2018). Claims of ineffective assistance of counsel cannot be decided on direct appeal; they are determined in postconviction-relief proceedings. *See* Iowa Code § 814.7. Alveno's prosecutorial-misconduct claims are not preserved for our review.

We affirm Alveno's convictions.

**AFFIRMED.**